### SCUDDER v. KELLY et al.

(Supreme Court, Appellate Division, Third Department. March 14, 1913.)

EVIDENCE (§ 265*)—ADMISSIONS—RENDERING BILL.

> The rendering of a bill by a creditor, accompanied by a note for the amount thereof, which the debtor was requested to sign, was convincing evidence that the total indebtedness at that time did not exceed the amount of the bill.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

Appeal from Judgment on Report of Referee.

Action by J. Wesley Scudder against George W. Kelly and others. From a judgment for defendants, on the decision of a referee, plaintiff appeals. Reversed, referee discharged, and new trial granted.

Argued January term, 1913, before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

O'Connor & O'Connor, of Hobart, for appellant.

Charles L. Andrus, of Stamford, for respondents.

PER CURIAM. The defendants' case rests to a great extent upon the accuracy of their books, and in many respects the books were kept loosely, and are not the most satisfactory evidence. Many of the charges are "balance on bill," or "bill," and one "Bill to date this spring $149.93." Evidently the books as to many items are not the original entry of the actual transactions. Recovery was had upon a note, dated January 22, 1889, for $100, payable 60 days after date. The statute of limitations is a good defense to the note. The evidence of the payment of $7, which defendants claim was indorsed thereon, is not satisfactory, and it is not clear that the note has not otherwise been included in the accounts. If the $7 was paid, as claimed, it does not save the note. Hughes v. Eddy Valve Co., 147 App. Div. 356, 360, 131 N. Y. Supp. 744. The finding that $7 was paid upon the note is against the evidence; also the finding that there is anything due upon it. The fourth finding that there was an examination of the account May 9, 1903, and that there was found due the defendants $171.73 is unsatisfactory and against the evidence; this court finding that there was no such examination and statement of account. The fact that on May 15, 1906, defendants rendered to the plaintiff a bill for $230.66 and a note for that amount, which they requested him to sign, is convincing evidence that at that time the total indebtedness of the plaintiff did not exceed that amount.

The second, third, fourth, fifth, and seventh findings of fact are disapproved of as against the evidence. The judgment should, therefore, be reversed on the law and the facts, the referee discharged, and a new trial granted, with costs to the appellant to abide the event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes